IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLY TYLER, ) | |
| ) | 4:05cv3144 |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER on INITIAL REVIEW |
| ) | (HABEAS CORPUS) |
| ROBERT HOUSTON, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court for initial review of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") filed by the petitioner, Billy Tyler. In light of the decision by the Nebraska Court of Appeals in Tyler v. Nebraska Dept. of Correctional Services, 701 N.W.2d 847 (Neb. App. 2005), the petitioner states that his sentence has expired, and he must be discharged immediately from the custody of the Nebraska Department of Correctional Services. Upon initial review of the § 2254 petition, I find that summary dismissal under Rule 4 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended, is not required, and that the respondent shall answer or otherwise respond to the § 2254 petition.

IT IS THEREFORE ORDERED:

1. That the Clerk of Court shall mail copies of the § 2254 petition to the respondent and the Nebraska Attorney General by regular first-class mail, and the Clerk shall modify the court's records to reflect that Robert Houston is the respondent in this case;

2. That, by October 28, 2005, the respondent shall file an Answer to the § 2254 petition on the merits of the claims and any affirmative defenses, in the manner contemplated by Rule 5 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, **or** the respondent may, in his discretion, limit his response to affirmative defense(s) by filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56(b), which states:

> (b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof;

3. That, whether the respondent files an answer or a motion for summary judgment, the respondent shall also file with the court and serve on the petitioner a

pleading entitled Designation of Relevant State Court Records;

4. That all records listed in the respondent's Designation of Relevant State Court Records shall be filed with the court at the time the Designation of Relevant State Court Records is filed;

5. That if the respondent elects to file a motion for summary judgment, copies of all records designated and filed in support of the motion shall also be served on the petitioner's attorney; and

6. That, whether the respondent files an answer or a motion for summary judgment, the petitioner may reply within 30 days thereafter.

DATED this 3rd day of October, 2005.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge