IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | |
| | ) | |
| Petitioner, | ) | 4:05CV3144 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT HOUSTON, | ) | MEMORANDUM OPINION |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on petitioner's motions (Filing Nos. 1 and 7), seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the respondent's motion for summary judgment (Filing No. 13), supported by a brief (Filing No. 14), and an evidence index (Filing No. 15). Also pending before the Court are a number of interim motions relating to the petitioner's § 2254 motion and the government's response. These motions (Filing Nos. 12, 21, 22, 23, 25, 26, 27, 29, 31, 34, 35, 36, 37, 38, 39, 40, 41 and 42) seek release on signature bond or bail. As the Court has concluded that petitioner's petition must be dismissed, these motions will be denied as moot.

The petitioner sets forth two grounds in his petition in which he essentially claims that he has been illegally denied parole and that his rights of due process, both procedural and substantive, have been violated by an order of the District Court of Lancaster County, Nebraska, which limits his filing of *in forma pauperis* petitions to six per year. This latter motion

will not be addressed as that is a matter for the Nebraska courts.  The record does not reflect that petitioner has appealed that decision of the Lancaster County District Court or what its present status may be.  Absent a showing that he has exhausted his state remedies with respect to that issue, the Court will not further address it.

Petitioner's other complaints stem from the fact that he claims he is entitled to be released from a ten-year sentence imposed on February 6, 1996, as that sentence "has expired on November 18, 2005."  The issues raised here were raised in an action brought in the Lancaster County District Court and were addressed by Judge Bernard McGinn in an opinion filed on October 8, 2005.  Again, no evidence has been presented that the decision of Judge McGinn has been appealed to the Nebraska Court of Appeals or the Nebraska Supreme Court, and from the record, it does not appear that the defendant has exhausted his state remedies.

The opinion of Judge McGinn in *State of Nebraska, ex rel Billy Tyler v. Robert Houston and Mike Kinney*, Case CI05-3763, finds that the petitioner is not entitled to release from state prison until at least June 18, 2006.  The factual background is set forth in that opinion.  Briefly, it reflects that petitioner was sentenced by the District Court of Douglas County, Nebraska, on February 9, 1996, to three concurrent

sentences of not less than seven years nor more than ten years. Initially his full time release date was computed to be November 18, 2005.  In a subsequent habeas corpus case filed by petitioner, the District Court of Johnson County on July 10, 2003, ruled in his favor and released him on bond pending the appeal of the Department of Correctional Services from the decision of the District Court of Johnson County.  The Nebraska Supreme Court summarily reversed the decision of the District Court of Johnson County, and the District Court of Johnson County, in an order dated March 30, 2004, ordered petitioner to immediately surrender himself to the Nebraska Department of Correctional Services.  He failed to comply with that order and was ultimately arrested on a warrant on November 7, 2004, and returned to the Department of Correctional Services to serve the remainder of his sentence.

       According to Judge McGinn, petitioner was out on bond and in violation of the Court's order to return to the Nebraska Department of Correctional Services for a total of 485 days, 221 of which was in violation of the Court's order directing his return to the Department of Correctional Services.  Judge McGinn calculated those 221 days in arriving at his conclusion that petitioner was not entitled to be discharged until at least June 18, 2006.

In view of Judge McGinn's opinion, petitioner's motion for writ of habeas corpus must be denied. As noted above, there is no showing that he has appealed that opinion and exhausted his Nebraska remedies. Having failed to exhaust his state court remedies, this Court finds his petition for writ of habeas corpus should be denied. A separate order will be entered in accordance with this memorandum opinion.

DATED this 31st day of January, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court